# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| RAV TRUCK AND TRAILER REPAIRS INC., AND CONCRETE EXPRESS OF NY, LLC | ) ) ) ) |
| Petitioner/Cross-Respondent | ) Nos. 20-1090 & |
| v. | ) 20-1124 ) ) ) |
| NATIONAL LABOR RELATIONS BOARD | ) ) |
| Respondent/Cross-Petitioner | ) ) |

## JUDGMENT

Before: HENDERSON and TATEL, *Circuit Judges*,
and EDWARDS, *Senior Circuit Judge*.

THIS CAUSE came to be heard on a petition filed by RAV Truck and Trailer Repairs, Inc. ("RAV") and Concrete Express of New York, LLC to review an Order of the National Labor Relations Board dated March 3, 2020, in Board Case No. 02-CA- 220395, reported at 369 NLRB No. 36, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument of the parties and has considered the briefs and agency record filed in this cause. On May 11, 2021, the Court, being fully advised in the premises, handed down its opinion enforcing the Board's remedies, other than the restoration and bargaining orders, and remanding to the Board the issues of RAV's closure and the restoration order so that the Board may address the matters raised in the Court's opinion regarding those issues. The Court also directed the Board to determine whether a unit of mechanics formerly employed at 3773 Merritt Avenue still exists in a form that makes a bargaining order feasible. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that RAV Truck and Trailer Repairs, Inc. and Concrete Express of New York, LLC, its officers, agents,

successors, and assigns, shall abide by and perform the directions of the Board set forth in its Order as modified by the Court. (See Attached Order and Appendix).

_Karen L. Henderson_
_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_David S. Tatel_
_____
Judge, United States Court of Appeals
for the District of Columbia Circuit

_Harry T. Edwards_
_____
Judge, United States Court of Appeals
for the District of Columbia Circuit


ENTERED:

RAV TRUCK AND TRAILER REPAIRS, INC.
AND CONCRETE EXPRESS OF NEW YORK, LLC

v.

NATIONAL LABOR RELATIONS BOARD

ORDER

RAV Truck & Trailer Repairs, Inc. and Concrete Express of NY, LLC, of Bronx, New York, as a single employer, its officers, agents, successors, and assigns, shall

1. Cease and desist from

   (a) Discharging, laying off, or otherwise discriminating against employees for supporting the Teamsters Local 456, International Brotherhood of Teamsters (Union) or any other union.

   (b) In any other manner interfering, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

   (a) Within 14 days from the date of this Order, offer Jorge Alberto Valencia Medina and Victor Gonzalez full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

   (b) Make Jorge Alberto Valencia Medina and Victor Gonzalez whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of the Board's March 3, 2020 decision reported at 369 NLRB No. 36.

   (c) Compensate Jorge Alberto Valencia Medina and Victor Gonzalez for the adverse tax consequences, if any, of receiving a lump-sum backpay awards, and file with the Regional Director for Region 2, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar year for each employee.

   (d) Within 14 days from the date of this Order, remove from its files any reference to the unlawful discharge and/or layoff of Jorge Alberto

Valencia Medina and Victor Gonzalez, and within 3 days thereafter, notify the employees in writing that this has been done and that the discharges and/or layoffs will not be used against them in any way.

(e) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(f) Within 14 days after service by the Region, post at its facilities located at 2279 Hollers Avenue, 3771 Merritt Avenue, and 3773 Merritt Avenue, Bronx New York, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 2, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facilities involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since May 15, 2018.

(g) Within 21 days after service by the Region, file with the Regional Director for Region 2 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

2

APPENDIX

NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS
ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO
Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT discharge, lay off, or otherwise discriminate against you for supporting Teamsters Local 456, International Brotherhood of Teamsters (the Union) or any other labor organization.

WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, within 14 days from the date of the Board's Order, offer Jorge Alberto Valencia Medina and Victor Gonzalez full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

WE WILL make Jorge Alberto Valencia Medina and Victor Gonzalez whole for any loss of earnings and other benefits resulting from their discharges and/or layoffs, less any net interim earnings, plus interest, and WE WILL also make them whole for reasonable search-for-work and interim employment expenses, plus interest.

WE WILL compensate Jorge Alberto Valencia Medina and Victor Gonzalez for the adverse tax consequences, if any, of receiving lump-sum backpay awards, and WE WILL file with the Regional Director for Region 2, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay awards to the appropriate calendar years.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharges and/or layoffs of Jorge Alberto Valencia Medina and Victor Gonzalez, and WE WILL, within 3 days thereafter, notify them in

writing that this has been done and that the discharges and/or layoffs will not be used against them in any way.

RAV TRUCK & TRAILER REPAIRS, INC.
AND CONCRETE EXPRESS OF NY, LLC, A SINGLE EMPLOYER

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| RAV TRUCK AND TRAILER REPAIRS INC., AND CONCRETE EXPRESS OF NY, LLC | ) ) ) | |
| Petitioner/Cross-Respondent | ) ) | Nos. 20-1090 & 20-1124 |
| v. | ) ) ) | |
| NATIONAL LABOR RELATIONS BOARD | ) ) | |
| Respondent/Cross-Petitioner | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing

document with the Clerk of the Court for the United States Court of Appeals for

the District of Columbia Circuit using the appellate CM/ECF system.  I further

certify that the foregoing document was served on all parties or their counsel of

record through the appellate CM/ECF system.

/s/ David Habenstreit
David Habenstreit
Assistant General Counsel
National Labor Relations Board
1015 Half St., S.E.
Washington, D.C.  20570

Dated at Washington, D.C.
this 25th day of May 2021